UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES

V.                                                          CRIMINAL NO. 3:23-CR-110-DPJ-LGI

MICHAEL JEFFERY SHAFFER, SR.

ORDER

On December 15, 2025, Michael Jeffery Shaffer, Sr. submitted a form "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [143]. At the Court's instruction, Shaffer's former counsel filed a responsive affidavit [145], and the United States filed a response in opposition [148].  On June 1, 2026, Shaffer sent a letter saying "the Government's Response seems to be to the incorrect § 2255 filing—because I filed an Amended § 2255 with an Attached Memorandum of Law . . . shortly after I filed my initial § 2255, the responses made in the Government's Response in Opposition are obviously to the initial § 2255 that I filed and not the Amended § 2255."  Letter [149] (unaltered).

No Amended § 2255 or memorandum in support was received by the Court.  Only the initial § 2255 Petition appears on the docket.  If Shaffer has proof that he presented the Amended § 2255 motion to prison officials for mailing "shortly after" he filed the initial motion, he should provide that to the Court.  He must also attach a copy of the Amended § 2255 motion.

If he does not have proof and wishes to now file an amended § 2255 motion, he must first file a motion seeking permission to amend his original § 2255 motion.  *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (noting Federal Rule of Civil Procedure 15(a)(2) "governs motions to amend after a responsive pleading has been filed"); *see also United States v. Nabor*, 256 F. App'x 669, 670 (5th Cir. 2007) (noting the Federal Rules of Civil Procedure

"apply to amendments and supplements of motions brought under 28 U.S.C. § 2255").  Schaffer must attach a copy of his proposed amended § 2255 motion and memorandum in support to his motion seeking permission to file.

Shaffer should be aware that 28 U.S.C. § 2255(f) has a one-year period of limitation that runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  "[T]he conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where . . . the appellant has not actually filed such a petition."  *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam); *see id.* at 537 (finding petition filed "within a year after the ninety-day period for seeking certiorari review" was timely).[1]  This limitation period also applies to an amended § 2255 petition, and courts apply Federal Rule of Civil Procedure 15(c) to determine if an amended petition relates back to the initial filing.  *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (finding Rule 15 applies in § 2255 proceedings); *Brewer v. United States*, No. 3:22-CV-2318-B-BK, 2024 WL 3174376, at *3 (N.D. Tex. June 24, 2024) (finding untimely amended § 2255 did not "relate back" to timely original § 225 where new claims required "consideration of facts that differ both in time and type from those applicable to his original claim").

Finally, if Shaffer does not have proof of the mailing of the amended petition and does not wish to seek leave to amend his petition now, he may instead file a reply in support of his original § 2255 motion by July 23, 2026.

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Shaffer's appeal was dismissed by the Fifth Circuit on July 30, 2025.  5th Cir. Order [138].